UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FOUNDERS INSURANCE COMPANY,   Case No:

       Plaintiff,

vs.

KEITH WILSON a/k/a KEITH WILSON
TRUSTEE d/b/a CLUB VIP/CATS LOUNGE;
CLUB BOI, INC. and CHARMAINE
SUMMERSET,

       Defendants.      /

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

The Plaintiff, FOUNDERS INSURANCE COMPANY ("Founders"), pursuant to 28 U.S.C. § 2201 (2010) and Fed. R. Civ. P. 57 (2010), files this Complaint for Declaratory Judgment and Other Relief against the Defendants, KEITH WILSON a/k/a KEITH WILSON TRUSTEE d/b/a CLUB VIP/CATS LOUNGE ("Wilson"); CLUB BOI, INC. ("Club Boi") and CHARMAINE SUMMERSET ("Summerset") and states as follows:

### PARTIES AND JURISDICTION

1. Founders is an Illinois corporation with its principal place of business in Des Plaines, Illinois.

2. Wilson is a citizen of the State of Florida and in particular, Miami-Dade County, Florida. Wilson is also the owner and/or operator of Club VIP/Cats Lounge located in Miami-Dade County, Florida.

3. Club Boi is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

Case No.:

4. Summerset is a citizen of the State of Florida and in particular Miami-Dade County, Florida.

5. This Court has subject matter jurisdiction over this lawsuit and the parties pursuant to 28 U.S.C. § 1332 (2010) as this lawsuit is between citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

6. Venue is proper as the subject insurance policy was issued to Wilson and insured the subject premises located in Miami-Dade County, Florida, the underlying events giving rise to this lawsuit, including but not limited to the filing of the underlying lawsuit by Summerset against Wilson occurred in Miami-Dade County, Florida, and one or more defendants resides in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

7. Founders issued a policy of insurance, policy no. CPFL000161 to Wilson, effective April 21, 2008 to April 21, 2009 (the "Founders policy"). A copy of the Founders policy is attached as Exhibit "A." The policy provides in relevant part as follows:

### SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement**

    a. We will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

Case No.:

    (1)    The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

    (2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

\* \* \*

**SECTION III – LIMITS OF INSURANCE**

1.    The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

    a.    Insureds;

    b.    Claims made or "suits" brought; or

    c.    Persons or organizations making claims or bringing "suits".

2.    The General Aggregate Limit is the most we will pay for the sum of:

    a.    Medical Expenses under Coverage **C**;

    b.    Damages under Coverage **A**., except damages because of "bodily injury" or "property damage" included in the "products-completed operations hazard"; and

    c.    Damages under Coverage **B**.

\* \* \*

8.    Also contained in the policy is the following endorsement, Form No. FL-CGL 03 (09/07), entitled FLORIDA CGL ENDORSEMENT – ASSAULT AND/OR BATTERY EXCLUSION WITH SUB-LIMIT. This endorsement provides, in relevant part, as follows:

    1.    Assault and/or Battery/Negligent Hiring (Sub-limit for BI/PD)

    "Bodily injury", "property damage", or "personal and advertising injury" arising from:

        (a)    Assault and/or battery committed by any insured, any "employee" of an insured, or any other person.

14503679v1 0921206 16029

(b) The failure to suppress or prevent assault and/or battery by any person in subparagraph 1.(a) above; or

(c) The negligent:

(1) Employment;

(2) Investigation;

(3) Supervision;

(4) Reporting to the proper authorities, or failure to so report; or

(5) Retention

of or by a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by subparagraphs 1.(a) or 1.(b) above.

Except that notwithstanding anything herein to the contrary, this policy shall provide coverage for "bodily injury" or "property damage" otherwise excluded under this endorsement up to the single limit set forth in the Declarations on the line on which this endorsement is listed, subject to the General Aggregate Limit described in **SECTION III-LIMITS OF INSURANCE** and set forth in the Declarations. The single limit set forth in the Declarations for this endorsement is a per occurrence combined single limit and is also the Company's annual aggregate limit of liability for all "bodily injury" and "property damage" otherwise excluded under this endorsement.

9. Summerset filed a lawsuit against Wilson and Club Boi, Case No. 11-00050 CA 10 in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida ("the underlying lawsuit"). A copy of Summerset's complaint is attached as Exhibit "B."

10. Summerset alleged that on December 28, 2008, she was shot by other patrons of the premises located at 725-728 NW 79th St., Miami-Dade County, Florida. Club VIP and Club Boi were located at this address. *See* Exhibit B, ¶¶ 4, 5, 9.

11. Summerset filed claims for negligence against Wilson and Club Boi, respectively. She alleges in separate counts that Wilson and Club Boi were negligent in failing to provide

adequate security in light of past criminal conduct, failed to maintain order in the premises, failed to screen patrons for weapons, allowed known dangerous individuals to enter the premises and commit violent acts on patrons, negligent training of security, allowing patrons to engage in violence inside the club and were otherwise negligent in failing to prevent the incident. As a result, Summerset was injured by gunfire inside the subject premises. *See* Exhibit B, ¶¶ 12, 13, 16, 17.

12. The subject incident described in the Summerset complaint also resulted in four other claims against Wilson and Club Boi, as four other individuals were shot in the club during the subject incident on December 28, 2008. The other claimants were Delarance Hope ("Hope"), Raymond Robinson, Jarvis Robinson and James and Annie Byrd, as Co-Personal Representatives of the Estate of Antwan Byrd, deceased ("Byrd").

13. Collectively, the claims, as well as the demands of Hope, Raymond Robinson, Jarvis Robinson and Byrd exceeded the policy sub-limit in value.

14. At the time Hope, Raymond Robinson, Jarvis Robinson and Byrd made assault and battery claims within the sub-limit against Wilson and Club Boi, Summerset had not presented her claim, nor did Founders have any notice of her claim.

15. Founders, in consultation with its insured, universally tendered its $300,000.00 sub-limit to resolve the claims of Hope, Raymond Robinson, Jarvis Robinson and Byrd, respectively and to protect its insured. The $300,000.00 limit was allocated by agreement among these claimants, Wilson, Club Boi and Founders, respectively.

16. The settlement of the Hope, Raymond Robinson, Jarvis Robinson and Byrd claims exhausted the $300,000.00 aggregate sub-limit.

14503679v1 0921206 16029

Case No.:

17. Summerset brought her claim against Wilson and Club Boi long after the $300,000.00 sub-limit was exhausted.

18. Founders has denied coverage for the underlying lawsuit, principally on the grounds that the assault and battery sub-limit has been exhausted.

19. All conditions precedent to bringing this lawsuit have occurred, have been performed or have been waived.

## COUNT I – DECLARATORY JUDGMENT
### (Exhaustion of Assault And Battery Sub-Limit)

20. Founders re-alleges paragraphs 1-19 as paragraph 20 of Count I.

21. The claims by Summerset in the underlying lawsuit arise out an assault and battery that occurred at the subject premises of Wilson and/or Club Boi.

22. Since Summerset's underlying lawsuit arises out of an assault and/or battery, the policy's assault and battery exclusion/sub-limit applies.

23. The sub-limit, by its express terms, operates as a per occurrence/combined single limit and general annual limit for all claims that would otherwise be excluded under the assault and battery exclusion.

24. In tendering its $300,000.00 sub-limit in response to the claims of Byrd, Hope, Raymond Robinson and Jarvis Robinson, respectively, the $300,000.00 assault and battery sub-limit has been exhausted.

25. Under the policy's express terms and conditions, Founders has no obligation to defend or indemnify Wilson and/or Club Boi once its limits of insurance are exhausted.

26. Furthermore, any claims arising out of an assault or battery in excess of the policy's sub-limit are excluded.

6

Case No.:

27. A real, identifiable and justiciable case or controversy exists since Summerset filed her complaint after the assault and battery sub-limit has been exhausted and Founders is in doubt as to its rights and obligations under the Founders policy with respect to the underlying lawsuit.

WHEREFORE, FOUNDERS INSURANCE COMPANY respectfully requests that this Court:

a. Take jurisdiction over this matter;

b. Enter an Order declaring that Founders does not have any obligation to defend or indemnify Wilson and/or Club Boi for the Summerset lawsuit; and

c. Award costs, as well as any other relief that this Court deems equitable and just.

## COUNT II – DECLARATORY JUDGMENT
### (Club Boi Is Not An Insured)

28. Founder re-alleges paragraphs 1-19 as paragraph 28 of Count II.

29. Although Founders previously obtained a release on behalf of Club Boi for the claims of Hope, Raymond Robinson, Jarvis Robinson and Byrd, respectively, Club Boi does not qualify as an insured under the Founders policy.

30. A real, identifiable and justiciable case or controversy exists because Summerset has made a claim against Club Boi and Founders is in doubt as to whether it owes a duty to defend or indemnify Club Boi.

WHEREFORE, FOUNDERS INSURANCE COMPANY respectfully requests that this Court:

a. Take jurisdiction over this matter;

b. Enter an Order declaring that Founders has no duty to defend or indemnify Club Boi for the Summerset lawsuit; and

14503679v1 0921206 16029

Case No.:

  c.  Award costs, as well as any other relief that this Court deems equitable and just.

Dated: March 18th, 2011.

        s/John J. Cavo
        Andrew E. Grigsby
        Florida Bar No. 323383
        John J. Cavo
        Florida Bar No. 0462764
        agrigsby@hinshawlaw.com
        jcavo@hinshawlaw.com
        HINSHAW & CULBERTSON LLP
        9155 S. Dadeland Boulevard
        Suite 1600
        Miami, Florida 33156-2741
        Telephone: 305-358-7747
        Facsimile: 305-577-1063

14503679v1 0921206 16029